JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Isaiah Henderson appeals his conviction for two counts of burglary. We affirm the judgment of the trial court.
In the case numbered B-0309020, Henderson was indicted on one count of burglary in violation of R.C. 2911.12(A)(1), one count of intimidation in violation of R.C. 2921.01(B), and one count of burglary in violation of R.C. 2911.12(A)(2). In the case numbered B-0312059, Henderson was indicted on two counts of burglary in violation of R.C. 2911.12(A)(2). The trial court granted a motion to suppress statements related to the intimidation count.
Henderson waived his right to a jury, and the cases were consolidated for purposes of trial. At the close of the state's case, the trial court granted Crim.R. 29 motions with respect to the intimidation count and the burglary count in violation of R.C. 2911.12(A)(2), in the case numbered B-0309020, and with respect to one burglary count in the case numbered B-0312059. In B-0309020, Henderson was found guilty of burglary related to a break-in on September 15, 2003. In B-0312059, Henderson was found guilty of burglary involving the theft of a large television from an apartment in early November 2003. At the sentencing hearing, the trial court sentenced Henderson to seven years for each burglary, with the terms to be served concurrently.
Pursuant to Anders v. California,[1] Henderson's appointed counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Henderson's appeal, and she has moved this court for permission to withdraw as counsel. Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of the trial court's judgment. Henderson has submitted pro se a supplemental brief in which he claims that his counsel did not investigate or conduct discovery and that he was denied the effective assistance of counsel. Our review of the record leads us to conclude that the performance of Henderson's counsel was not deficient.[2] Further, we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Henderson. We, therefore, overrule counsel's motion to withdraw from her representation of Henderson and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, due to Henderson's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and HENDON, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] See State v. Bradley (1989), 42 Ohio St.3d 136, 142,538 N.E.2d 373; Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.